[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 21-11569

Non-Argument Calendar

_____

MICHAEL DEWAYNE ARRINGTON,

Plaintiff-Appellant,

*versus*

MIAMI DADE COUNTY PUBLIC SCHOOL DISTRICT,
SUPERINTENDENT AND/OR DIRECTOR OF MIAMI-DADE COUNTY
PUBLIC SCHOOLS DISTRICT,
Alberto Carvalho, individually and in his official capacity,
GEORGE T. BAKER AVIATION SCHOOL,
PRINCIPAL OF GEORGE T. BAKER AVIATION SCHOOL,
Sean Gallagan individually and in his official capacity,
ASSISTANT PRINCIPAL, GEORGE T. BAKER AVIATION SCHOOL,

2                    Opinion of the Court                    21-11569

George W. Sands, individually and in his official capacity, et al.,


                                        Defendants-Appellees.


                    _____

        Appeal from the United States District Court
            for the Southern District of Florida
            D.C. Docket No. 1:15-cv-24114-JEM

                    _____

Before ROSENBAUM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

        This appeal arises from Plaintiff Michael Arrington's civil-rights lawsuit alleging that he was discriminated against based on his race (African-American) while enrolled in an aviation program at a public technical college. After permitting Arrington multiple opportunities to amend his allegations, the district court dismissed the complaint with prejudice for failure to state a claim to relief. We affirmed the district court on appeal, agreeing that Arrington did not state a plausible claim of race discrimination, and then we issued the mandate. *Arrington v. Miami Dade Cnty. Pub. Sch. Dist.*, 835 F. App'x 418, 421–22 (11th Cir. 2020). Arrington moved to recall the mandate, asserting that external circumstances prevented him from timely filing a motion for rehearing, but we denied the motion.

Having struck out on appeal, Arrington returned to the district court and filed a motion for relief from the judgment under Rule 60(b), Fed. R. Civ. P., asserting that our decision on appeal contained "blatant mistakes" and that we should have recalled the mandate based on excusable neglect. The district court denied the motion, concluding that it was bound by our prior decision on appeal and that it could not reconsider our denial of his motion to recall the mandate. Arrington again appeals.

We affirm the denial of Arrington's Rule 60(b) motion. Our decision affirming the dismissal of Arrington's lawsuit is law of the case, making its findings of fact and conclusions of law "binding in all subsequent proceedings in the same case in the trial court or on a later appeal." *Heathcoat v. Potts*, 905 F.2d 367, 370 (11th Cir. 1990). Arrington has not shown that any exception to this doctrine applies, so he cannot relitigate, through his Rule 60(b) motion, matters already decided. *See id.* at 370–71. As for his request to have the district court order this Court to recall its mandate, no relief was warranted because we had already denied a similar motion to recall the mandate when he filed the motion. And in any case, the district court had no authority to grant his requested relief under Rule 60(b) or otherwise. Accordingly, the district court properly denied Arrington's Rule 60 motion.

**AFFIRMED.**